ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI[1]

| | | |
|---|---|---|
| JORGE ESPADA MUÑOZ<br><br>Apelante<br><br>v.<br><br>NEGOCIADO DE LA POLICÍA DE PUERTO RICO; ESTADO LIBRE ASOCIADO DE PUERTO RICO<br><br>Apelado | TA2025AP00290 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Número: SJ2025CV05547<br><br>Sobre: Interdicto Preliminar; Mandamus; Debido Proceso de Ley; Ley de Armas; LPAU |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 6 de octubre de 2025.

Comparece ante nos el señor Jorge Espada Muñoz (Sr. Espada Muñoz o Apelante) y solicita la revocación de la *Sentencia,* notificada el 29 de julio de 2025, por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario). En esta, el TPI desestimó la causa de acción, al amparo de la Regla 10.2(5) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2(5).

Por los fundamentos que exponemos a continuación, confirmamos el dictamen apelado.

**I.**

El Sr. Espada Muñoz incoó la demanda juramentada de epígrafe en contra del Negociado de la Policía de Puerto Rico (Negociado o Apelado), el 18 de junio de 2025. Suplicó al TPI que ordenara la expedición de un interdicto preliminar y *mandamus* en contra del Negociado, por entender que no existe otro remedio en ley

---

[1] DJ-2025-063.

para lograr la reactivación de su licencia de armas, pendiente el proceso administrativo ante la agencia apelada. Indicó que, mediante una carta recibida el 30 de abril de 2025, el Negociado le revocó su licencia de armas por un presunto incumplimiento con el Artículo 2.13 de la Ley Núm. 168-2019, Ley de Armas de Puerto Rico de 2020, 25 LPRA sec. 462l. A esos efectos, y por conducto de su representación legal, solicitó una vista administrativa y, hasta la fecha, la agencia no había actuado. Sostuvo que, agentes del Negociado han acudido a su residencia y a su oficina para requerir la entrega de sus armas de fuego, sin orden judicial alguna. Ante ello, incoó la presente causa, en la que reclamó una orden del TPI para reactivar su licencia de armas, hasta tanto culmine el proceso administrativo correspondiente. Además, solicitó una orden de cese y desista al Negociado de continuar actos que le perturban su paz y violan sus derechos.

En reacción, el Negociado instó una *Moción de Desestimación*[2] al amparo de la Regla 10.2(5) de Procedimiento Civil, *supra*. Informó que, la agencia señaló la vista administrativa solicitada, a celebrarse el 21 de agosto de 2025, por lo que no se justificaba la concesión de un remedio. Puntualizó que, tampoco procedía la expedición del auto privilegiado de *mandamus* por cuanto, como el requerimiento del Sr. Espada Muñoz fue debidamente atendido, no existe un deber ministerial incumplido. Además, planteó que, el foro primario debía abstenerse de asumir jurisdicción, al amparo de la doctrina de agotamiento de remedios administrativos.

Con relación al *injunction* preliminar solicitado, el Negociado argumentó que, el Sr. Espada Muñoz tampoco había establecido que sufriría un daño irreparable de no mantenerse el *status quo*, hasta tanto culmine el proceso administrativo en este caso. Por razón de

---

[2] Entrada Núm. 7, SUMAC TPI.

lo antes, imploró al foro primario disponer de la causa de acción instada en su contra por falta de jurisdicción.

Al oponerse al referido petitorio dispositivo, el Apelante reiteró los argumentos sobre la presunta violación del Negociado a su debido proceso de ley, así como, los demás remedios invocados en la *Demanda.*[3]

Evaluadas las posturas de las partes, el TPI declaró ha lugar la *Moción de desestimación* del Negociado y emitió el dictamen desestimatorio apelado. En apretada síntesis, el foro primario consignó que, a pesar de conocer de la vista señalada, la pretensión del demandante es que el foro judicial intervenga en el proceso administrativo, sin establecer ningún daño irreparable o fundamento que sostenga la expedición de remedios extraordinarios cuando claramente existen otros mecanismos eficaces y adecuados para dilucidar el caso. Oportunamente, el Apelante solicitó sin éxito la reconsideración del referido dictamen.

Aun insatisfecho, acude ante nos mediante el presente recurso en donde señala los siguientes errores:

> Erró el TPI al desestimar el presente pleito determinando que no tenía jurisdicción y que [a]l demandante le correspondía agotar el remedio administrativo cuando las controversias del caso no guardan relación con tal proceso administrativo ni serán atendidas o resueltas por este.
>
> Erró el TPI al no determinar que el NPPR no puede revocar sumariamente una licencia de armas sin la celebración de la vista administrativa que requiere el debido proceso de ley, la LPAU y la Ley 168-2019.
>
> Erró el TPI al no determinar que el NPPR no puede intentar ocupar las armas y municiones de un ciudadano con licencia de armas bajo investigación sin una orden judicial, contrario a lo establecido [en la] Ley 168-2019.

En respuesta, el Negociado comparece mediante su *Alegato en Oposición.* En esencia, reproduce los fundamentos sobre los cuales sustentó su petitorio dispositivo y nos solicita que confirmemos el dictamen apelado.

---

[3] Entrada Núm. 9, SUMAC TPI.

Con el beneficio de los planteamientos de ambas partes, resolvemos.

**II.**

**A. La Regla 10.2(5) de Procedimiento Civil**

La Regla 10.2 de las Reglas de Procedimiento Civil, *supra,* viabiliza que un demandado solicite la desestimación de la causa de acción en su contra, antes de contestarla, si de las alegaciones de la demanda surge claramente que alguna de las defensas afirmativas derrotará la pretensión de la parte demandante. *Costas Elena y otros v. Magic Sport y otros,* 213 DPR 523 (2024); *Eagle Security v. Efrón Dorado, et al.*, 211 DPR 70, 83 (2023). Particularmente, la Regla 10.2, *supra,* enumera las siguientes defensas: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar de acumular una parte indispensable. *Díaz Vázquez y otros v. Colón Peña y otros,* 2024 TSPR 113, resuelto el 25 de octubre de 2024; *Blassino Alvarado y otro v. Reyes Blassino y otro,* 2024 TSPR 93, resuelto el 20 de agosto de 2024.

Ante una solicitud de desestimación bajo el inciso (5) de la citada Regla 10.2 de Procedimiento Civil, el tribunal ha de tomar como ciertos todos los hechos claros y concluyentes, bien alegados en la demanda. *Díaz Vázquez y otros v. Colón Peña y otros,* supra; *Blassino Alvarado y otro v. Reyes Blassino y otro,* supra. Asimismo, el tribunal deberá evaluar si la demanda es suficiente para constituir una reclamación válida, luego de interpretar las alegaciones, conjunta y liberalmente, de la forma más favorable a la parte demandante y resolviendo toda duda a su favor. *Íd.*

Cabe destacar que, la desestimación de una demanda no procede, a menos que se desprenda con toda certeza que el

demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que pueda ser probado en apoyo a su reclamación. *Íd.* En ese sentido, nuestro más Alto Foro ha establecido que, una solicitud de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, *supra,* va dirigida a los méritos de la controversia, no a aspectos procesales del caso. *Eagle Security Police, Inc. v. Efrón Dorado, S.E. y otros*, supra.

### B. El Recurso de *Mandamus*

El Código de Enjuiciamiento Civil de Puerto Rico de 1933 establece el *mandamus* como un recurso extraordinario "altamente privilegiado" y discrecional, dirigido a una persona natural, a una corporación o a un foro judicial inferior con el propósito de exigirle judicialmente el cumplimiento de un acto que esté dentro de sus atribuciones o deberes. Artículo 649 del Código de Enjuiciamiento Civil de Puerto Rico de 1933, 32 LPRA sec. 3421. De otra parte, el Artículo 650 del Código de Enjuiciamiento Civil de Puerto Rico de 1933, 32 LPRA sec. 3422, dispone que:

> [e]l auto de *mandamus* podrá dictarse por el Tribunal Supremo o por el Tribunal de Primera Instancia o por cualquiera de sus magistrados o jueces cuando se hallen en el ejercicio de sus funciones o en sus oficinas, y se dirigirá a cualquier tribunal inferior, corporación, junta o persona obligada al cumplimiento de un acto que la ley particularmente ordene **como un deber resultante de un empleo, cargo o función pública**; pero aun cuando puede requerir a un tribunal inferior o a cualquiera de sus jueces para que adopte este criterio o para que proceda al desempeño de cualquiera de sus funciones, el auto no puede tener dominio sobre la discreción judicial. (Énfasis nuestro.)

Análogamente, el Tribunal Supremo ha resuelto que, a través del auto de *mandamus* se requiere "a una persona natural o jurídica el cumplimiento de un deber ministerial dentro de las atribuciones o deberes del cargo que ocupa." *Kilómetro 0 v. Pesquera López et al.,* 207 DPR 200, 214 (2021). En otras palabras, este recurso solo procede para exigir el cumplimiento de un deber impuesto por ley, es decir, un deber calificado como "ministerial" el cual no admite

discreción en su ejecución, sino que es mandatorio e imperativo. *Íd.*, citando a *Romero, Valentín v. Cruz, CEE et al.*, 205 DPR 972 (2020).

Cabe enfatizar que, por su naturaleza extraordinaria, la expedición del *mandamus* debe utilizarse cuando no hay otro remedio ordinario dentro del curso de la ley para hacer cumplir el deber ministerial. El requisito fundamental para expedir el recurso de *mandamus* reside, pues, en la constancia de un deber claramente definido que debe ser ejecutado, el impacto del recurso en el interés público envuelto, sopesado con la posible intromisión indebida en las gestiones gubernamentales y su efecto sobre los derechos de terceros. *Kilómetro 0 v. Pesquera López et al.,* supra, a la pág. 215.

Los requisitos de contenido de una petición de *mandamus* surgen de la Regla 55 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR ___ (2025). En lo pertinente, el inciso (D) de la citada Regla 55 de nuestro Reglamento dispone que, el recurso de *mandamus* deberá contener "[c]ualquier documento que se deba traer a la atención del Tribunal de Apelaciones en esta etapa del procedimiento [...]"

Ahora bien, la Regla 54 del Reglamento de esta Curia, *supra*, establece que su aplicabilidad se regirá por las Reglas de Procedimiento Civil y por las leyes especiales pertinentes. Particularmente, la Regla 54 de las Reglas de Procedimiento Civil, *supra*, exige como requisito de forma que, la parte promovente del auto de *mandamus* presente la petición juramentada. Cabe resaltar que, el hecho de que el promovente de un recurso de *mandamus* comparezca por derecho propio no constituye justa causa para eximirlo de cumplir con las disposiciones reglamentarias establecidas para su presentación y forma. *Rivera Marcucci et al. v. Suiza Dairy,* 196 DPR 157, 173 (2016).

C. *Injunction* **Preliminar**

El *injunction* o entredicho preliminar es un recurso de naturaleza extraordinaria cuyo propósito es prohibir u ordenar la ejecución de un acto determinado, a los fines de evitar un perjuicio inminente o un daño irreparable. Artículo 675 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3421. Los tribunales solo pueden expedir un *injunction* preliminar cuando no exista otro remedio adecuado en el curso ordinario de la ley. *Asoc. Vec. V. Caparra v. Asoc. Fom. Educ.,* 173 DPR 304, 319-320 (2008). Este recurso discrecional está reglamentado por las Reglas 57.2 a la 57.7 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 57.2-57.7 y por los Artículos 675 al 678 y 686 al 687 del Código de Enjuiciamiento Civil, 32 LPRA secs. 3421-3424, 3532-3533.

Sobre los criterios a examinar al evaluar la procedencia de una solicitud de entredicho preliminar, la Regla 57.3 de las Reglas de Procedimiento Civil, *supra,* enumera los siguientes: (1) la naturaleza del daño al cual está expuesta la parte peticionaria; (2) la irreparabilidad del daño o la falta de un remedio adecuado en ley; (3) la probabilidad de prevalecer de la parte promovente; (4) la probabilidad de que la causa advenga académica; (5) el impacto del remedio que solicita sobre el interés público; y (6) la diligencia y la buena fe con que la parte peticionaria ha obrado. *Next Step Medical v. Biomet, Inc.,* 195 DPR 739, 751 (2016).

Cabe puntualizar que, le corresponde a la parte promovente de un entredicho preliminar demostrar la existencia de un daño irreparable y la ausencia de un remedio adecuado en ley. *Asoc. Vec. V. Caparra v. Asoc. Fom. Educ.,* 173 DPR 304, 319-320 (2008).

**D. El Agotamiento de Remedios Administrativos**

La Sección 4.1 de la Ley Núm. 38-2017, Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), 3 LPRA sec. 9671, dispone que las decisiones administrativas pueden ser revisadas por el Tribunal de Apelaciones. Ahora bien, en el

ejercicio de tal facultad, el foro apelativo está obligado a ser deferente a las determinaciones de los organismos administrativos en consideración a la experiencia y al conocimiento especializado que estas poseen sobre los asuntos que le fueron delegados. *Katiria´s Café, Inc. v. Municipio Autónomo de San Juan,* 2025 TSPR 33, resuelto el 27 de marzo de 2025. Al mismo tiempo, esta facultad revisora delimita la discreción de los organismos administrativos a modo de asegurar que estos ejerzan sus funciones dentro de los márgenes de las facultades que le fueron delegadas por ley. *Jusino Rodríguez v. Junta de Retiro del Gobierno de Puerto Rico,* 2024 TSPR 138, resuelto el 26 de diciembre de 2024. Por último, permite a los foros judiciales velar porque los entes administrativos den cumplimiento a los mandatos constitucionales, en especial, al debido proceso de ley. *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* 213 DPR 743 (2024).

A esos efectos, una parte adversamente afectada por una orden o resolución final emitida por una agencia administrativa puede cuestionarla mediante un recurso de revisión judicial, luego de agotar los remedios provistos por el organismo correspondiente. *Simpson y otros v. Consejo de Titulares y Junta de Directores del Condominio Coral Beach y otros,* 2024 TSPR 64, resuelto el 18 de junio de 2024.

## III.

En su recurso, el Apelante levanta la comisión de tres (3) errores los cuales discutiremos conjuntamente por su estrecha relación entre sí. En particular argumenta que, el foro primario incidió al desestimar su reclamación sobre *injunction* preliminar y *mandamus* por falta de jurisdicción, por entender que el Sr. Espada Muñoz no agotó los remedios administrativos ante el Negociado. Discute que, la Ley Núm. 168 de 2019, *supra,* no dispone de un procedimiento especial de revisión administrativa y judicial para

atender las revocaciones de licencias de armas, tal como lo establece para las denegatorias de las licencias nuevas. A su entender, el foro primario no debió avalar que el Negociado pueda revocar sumariamente su licencia de armas, sin previa vista administrativa. Por último, cuestiona que el TPI no intervino con la intención del Negociado de ocupar las armas y municiones del Apelante, sin previa orden judicial.

Tal cual dictaminó el TPI, el Apelante tiene a su alcance un remedio adecuado en ley, al amparo de la Ley Núm. 168-2019, *supra,* para cuestionar administrativamente la revocación de su licencia de armas. Como parte de dicho trámite, el Apelante tiene derecho a comparecer a una vista administrativa, la cual estaba calendarizada para el 21 de agosto de 2025, sin que surja del expediente el estado de dicho señalamiento. Resulta claramente de lo anterior que, el Apelante impugna un proceso ante el Negociado que no ha culminado.

A lo antes añadimos que, el Apelante no puede obligar a la agencia a actuar fuera del curso natural de los procesos adjudicativos mediante un *mandamus*. Tampoco la reactivación de la licencia de armas constituye un deber ministerial del Negociado, requisito esencial para la expedición de un *mandamus*. Añádase que, el Sr. Espada Muñoz no ha demostrado la inexistencia de un remedio adecuado en ley o la irreparabilidad del daño, a modo de justificar la expedición de un entredicho preliminar.

Además, ante un petitorio de desestimación instado al amparo de la Regla 10.2(5) de las Reglas de Procedimiento Civil, *supra,* aun tomando como ciertas las alegaciones de la *Demanda,* estas son insuficientes para concluir que el Apelante tiene derecho al remedio solicitado y mucho menos para preterir el agotamiento de remedios administrativos.

En consideración a lo anterior coincidimos con el foro primario en que, la causa -en esta etapa de los procesos- es indebida, en la medida en que, expone al foro judicial asumir jurisdicción e interferir con la función adjudicativa del Negociado.

Sobre tales bases, concluimos que, el TPI no incidió al desestimar la causa de epígrafe por falta de jurisdicción, al amparo de la doctrina de agotamiento de remedios administrativos. La mencionada doctrina sostiene la autolimitación judicial hasta tanto el organismo administrativo atienda -de forma final- el asunto pendiente ante sí. Los errores señalados no se cometieron.

**IV.**

Por los fundamentos antes expuestos, confirmamos la *Sentencia* apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones